## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**LAKECHIA JACKSON,**

        **Plaintiff,**

**v.**                              **Case No: 6:20-cv-839-WWB-EJK**

**FRONTIER COMMUNICATIONS,**

        **Defendant.**

### ORDER

This cause comes before the Court on Plaintiff's Motion for Reconsideration of the Court's Order Granting the Defendant's Motion for Leave to File Answer to Complaint (the "Motion") (Doc. 21), filed September 12, 2022. Upon consideration, the Motion is due to be denied.

Plaintiff requests that the Court reconsider its September 12, 2022 Endorsed Order granting Defendant's Motion for Leave to File Answer Out of Time (the "Endorsed Order"). (Docs. 20, 21.) In the Endorsed Order, the Court stated that Plaintiff failed to file a timely response to Defendant's Motion for Leave to File Answer Out of Time ("Defendant's Motion"). (Doc. 20.) Plaintiff asserts the Court mistakenly calculated the date on which her response was due. (Doc. 21 at 3–4.) Defendant's Motion was filed on August 26, 2022. (Doc. 18.) Plaintiff asserts her response was not due until September 12, 2022, the day the Court entered the Endorsed Order at issue. (Doc. 21 at 3–4.) Plaintiff is incorrect.

As a preliminary matter, the Motion fails to comply with Local Rule 3.01(g), which requires that each motion filed with the Court contain a certificate indicating that the moving party has conferred with opposing counsel prior to the filing of the motion in a good faith effort to resolve the issues raised by the motion. Local Rule 3.01(g).

Additionally, the Motion is due to be denied on the merits. In pertinent part, Federal Rule of Civil Procedure 60(b) allows a court, upon a motion, to relieve a party from an order due to a mistake. Plaintiff argues the Court should reconsider its Endorsed Order because of a mistake the Court made in determining when Plaintiff's response to Defendant's Motion was due. However, the Court determines no mistake was made.

Local Rule 3.01(c) allows parties 14 days to respond to the type of motion Defendant filed at issue here. Federal Rule of Civil Procedure 6(a)(1) explains the method for computing how those 14 days are calculated:

> (1) *Period Stated in Days or a Longer Unit*. When the period is stated in days or a longer unit of time:
>
> (A) exclude the day of the event that triggers the period;
> (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and,
> (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

Thus, because Defendant's Motion was filed on Friday, August 26, 2022, day one was Saturday, August 27, 2022. Fourteen days from August 27, 2022 is Friday, September 9, 2022:

| Day | Date |
|---|---|
| 1 | August 27, 2022 |
| 2 | August 28, 2022 |
| 3 | August 29, 2022 |
| 4 | August 30, 2022 |
| 5 | August 31, 2022 |
| 6 | September 1, 2022 |
| 7 | September 2, 2022 |
| 8 | September 3, 2022 |
| 9 | September 4, 2022 |
| 10 | September 5, 2022 |
| 11 | September 6, 2022 |
| 12 | September 7, 2022 |
| 13 | September 8, 2022 |
| 14 (Due) | September 9, 2022 |

Therefore, the Court finds no error to correct, as its Endorsed Order granting Defendant's Motion was not entered until Monday, September 12, 2022, when Plaintiff's response to Defendant's Motion was past due.

Accordingly, Plaintiff's Motion for Reconsideration of the Court's Order Granting the Defendant's Motion for Leave to File Answer to Complaint (Doc. 21) is **DENIED**. The Clerk of Court is **DIRECTED** to **STRIKE** Plaintiff's Response in Opposition to Defendant's Motion (Doc. 23) from the docket.

**DONE** and **ORDERED** in Orlando, Florida on September 15, 2022.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE