## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**LAKECHIA JACKSON,**

          **Plaintiff,**

**v.**                                 **Case No: 6:20-cv-839-WWB-EJK**

**FRONTIER COMMUNICATIONS,**

          **Defendant.**

### ORDER

This cause comes before the Court on Plaintiff's Motion to Strike Defendant's Affirmative Defenses (the "Motion") (Doc. 25), filed September 16, 2022. Defendant responded in opposition on September 30, 2022. (Doc. 27.) Upon consideration, the Motion is due to be denied.

### I.    BACKGROUND

Plaintiff, Lakechia Jackson, sued Defendant, Frontier Communications, in state court, but Defendant removed the case to this Court, invoking diversity jurisdiction. (Doc. 1.) Plaintiff is an African American female who alleges that she was subjected to discriminatory treatment on the basis of her race and ultimately was passed over for a job opportunity to earn additional income in favor of a White female. (Doc. 1-4 ¶¶ 7–14.) Plaintiff sues Defendant for disparate treatment (Count I) and retaliation (Count II), in violation of the Florida Civil Rights Act ("FCRA"), Florida Statutes §§ 760.01–760.11. Defendant's Answer asserts eighteen affirmative defenses. (Doc. 19.) Plaintiff moves to strike each of them. (Doc. 25.)

## II.    STANDARD

Federal Rule of Civil Procedure 8(b) provides that when a party responds to a pleading, it must "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). Federal Rule 8(c) requires a party to "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c)(1). "The purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it." *Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988).

Pursuant to Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Here, Plaintiff moves to strike Defendant's affirmative defenses. "By its very definition, '[a]n affirmative defense is established only when a defendant *admits the essential facts* of a complaint and sets up other facts in justification or avoidance.' Thus, a defense which simply points out a defect or lack of evidence in a plaintiff's case is not an affirmative defense." *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005) (quoting *Will v. Richardson–Merrell, Inc.*, 647 F. Supp. 544, 547 (S.D. Ga. 1986)).

However, although "an affirmative defense may be stricken if it is legally insufficient, . . . striking a defense is a drastic remedy, which is disfavored by the courts." *Adams v. JP Morgan Chase Bank, N.A.*, No. 3:11-cv-337-J-37MCR, 2011 WL 2938467, at *1 (M.D. Fla. July 21, 2011) (citations and internal quotation marks omitted); *see also Somerset Pharm., Inc. v. Kimball*, 168 F.R.D. 69, 71 (M.D. Fla. 1996)

(stating that motions to strike are not favored and are often considered time wasters). "'An affirmative defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.'" *Adams*, 2011 WL 2938467, at \*1 (quoting *Microsoft Corp. v. Jesse's Computers & Repair, Inc.,* 211 F.R.D. 681, 683 (M.D. Fla. 2002)).

## III.  DISCUSSION

Much of Plaintiff's Motion contains the same boilerplate arguments as to why each of Defendant's eighteen defenses should be stricken. She asserts that they are insufficient as a matter of law, are immaterial or impertinent, do not contain any factual basis for the defense, fail to identify the claims they are asserted against, are not true affirmative defenses, and contain no more than conclusory allegations. In many instances, Plaintiff does not provide any case law specific to striking the exact affirmative defense at issue—giving true meaning to the observation that motions to strike are typically judicial timewasters. Nevertheless, the Court will review each of Defendant's affirmative defenses to determine whether Plaintiff has provided a sufficient rationale to justify the drastic remedy sought.

### A. First Defense

Defendant's First Defense states: "Plaintiff's claims fail, in whole or in part, to state a claim upon which relief can be granted." (Doc. 19 at 4.) Plaintiff asserts boilerplate arguments as to why this defense should be stricken. (Doc. 25 at 3–4.) Defendant argues that the defense should not be stricken because, while not an affirmative defense, it is a specific denial that goes to the merits of a claim, and a merits

decision should not be made on a motion to strike.

Plaintiff is correct that the defense of failure to state a claim is not an affirmative defense. *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 2010) ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense.") However, the Court declines to strike this defense because "without more, [it] is akin to a denial that Plaintiff cannot prove an element of [her] case." *J.G.G. Tobacco Holding Co., Inc. v. Antigua Esteli Tobacco, Corp.*, No. 19-23732-CIV, 2020 WL 4926582, at *2 (S.D. Fla. May 20, 2020) (treating defense of failure to state a claim as a general denial and denying motion to strike same).

## B. Fourth and Eighteenth Defense

Defendant's Fourth Defense states: "Plaintiff's claims are barred, in whole or in part, to the extent she failed to satisfy jurisdictional prerequisites, and other conditions precedent, to bringing suit. The Court lacks subject matter jurisdiction over Plaintiff's claims to the extent she failed to exhaust required administrative remedies." (Doc. 19 at 4.) Defendant's Eighteenth Defense states: "Plaintiff's claims are barred to the extent they were not raised in a timely charge of discrimination before the EEOC, Florida Commission on Human Relations, or other appropriate agency. The Court lacks subject matter jurisdiction over Plaintiff's claims to the extent she failed to exhaust required administrative remedies." (*Id.* at 7.)

Plaintiff principally argues the Court should strike these two affirmative defenses because they do not contain specific factual bases and thus fail to put Plaintiff on proper notice. (Doc. 25 at 7–8, 23–24.) Defendant responds that these defenses are

currently the basis of one of its arguments raised in its motion for judgment on the pleadings, pending before the Court. (Doc. 27 at 6.) Moreover, Defendant asserts that even if the defenses themselves did not provide fair notice (which Defendant contends they do), Defendant attached the EEOC file related to Plaintiff's Charge of Discrimination as an exhibit to its Answer and Statement of Defenses. (*Id.*; Ex. B to Doc. 19.) The undersigned agrees with Defendant. These defenses provide Plaintiff with adequate notice under Rule 8(c), particularly given the context provided by the claim file, and a more specific factual basis is not required. *Hassan*, 842 F.2d at 263.

## C. Fifth Defense

Defendant's Fifth Defense states: "Plaintiff's claims may, in whole or in part, be barred by the applicable Statute of Limitations." (Doc. 19 at 5.) Plaintiff asserts this defense should be stricken because Plaintiff did file her claim within the applicable statute of limitations. (Doc. 25 at 9.) Defendant responds that it has pleaded this defense in part because of its reliance on the defense of failure to exhaust administrative remedies. (Doc. 27 at 7.) It contends that if Plaintiff were to file a new Charge of Discrimination in an attempt to cure her alleged failure to exhaust administrative remedies, her claim would be untimely. The Court will, therefore, decline to strike it based on this rationale.

## D. Sixth Defense

Defendant's Sixth Defense states: "Plaintiff's claims for monetary relief and damages are barred to the extent Plaintiff failed to mitigate her damages. Defendant is entitled to a set-off against Plaintiff's claims for damages in the amount(s) that Plaintiff

did or could have earned through reasonable efforts." (Doc. 19 at 5.) Plaintiff provides no more than her boilerplate argument as to why this defense should be stricken. Because she has failed to establish that this defense is patently frivolous or clearly invalid as a matter of law, the Court will not strike this defense.

### E. Seventh Defense

Defendant's Seventh Defense states: "To the extent it is discovered Plaintiff engaged in misconduct, violation of Defendant's policies, or other conduct that would have resulted in her termination, or would have precluded her from obtaining employment with Defendant, Plaintiff is subject to the after-acquired evidence doctrine and limited in her recovery of remedy." (Doc. 19 at 5.) Plaintiff essentially argues that Defendant has not pleaded this defense with the required level of specificity. (Doc. 25 at 12.) Defendant responds that this defense should not be stricken as it may be substantiated during discovery. (Doc. 27 at 8.) The Court finds Defendant's argument persuasive. "To the extent Plaintiff requires greater factual detail for these defenses, Plaintiff[s] may acquire those facts through discovery." *Jones v. Kohl's Dep't Stores, Inc.*, No. 15-CIV-61626, 2015 WL 12781195, at *2 (S.D. Fla. Oct. 16, 2015) (internal quotation marks omitted).

### F. Second, Third, Eighth, Ninth, Twelfth, and Sixteenth Defenses

Defendant's Second Defense states: "Any actions undertaken with regard to Plaintiff were taken for lawful and legitimate, non-retaliatory business reasons, and Defendant acted at all times in good faith." (Doc. 19 at 4.) Defendant's Third Defense states: "Even if Plaintiff were able to prove that Defendant's actions and decisions

were motivated, in part, by unlawful intent (and she cannot), Plaintiff's claims fail because Defendant would have taken the same actions and made the same decisions irrespective of any alleged unlawful intent." (*Id.*)

Defendant's Eighth Defense states: "To the extent that Plaintiff seeks an award of punitive damages, such damages are unavailable under applicable law and/or are barred based on Defendant's good faith efforts to comply with the law." (*Id.* at 5.) Defendant's Ninth Defense states: "Defendant has made good faith efforts to prevent retaliation in the workplace, and thus cannot be liable for the decisions of its agents, or punitive damages, to the extent the challenged employment decisions were contrary to its efforts to comply with antiretaliation statutes." (*Id.*)

Defendant's Twelfth Defense states: "Plaintiff's claims are barred because Defendant exercised reasonable care to prevent and correct promptly any alleged discriminatory or retaliatory behavior, and/or Plaintiff unreasonably failed to take advantage of Defendant's preventative or corrective opportunities or to otherwise avoid harm." (*Id.* at 6.) Defendant's Sixteenth Defense states: "To the extent any actions taken by Defendant regarding Plaintiff were taken in good faith, in accordance with Defendant's internal policies, and not with malice or bad faith, or with wanton or reckless indifference to Plaintiff's rights, Defendant did not willfully violate any law with respect to its treatment of Plaintiff, thereby negating Plaintiff's entitlement to liquidated or punitive damages." (*Id.* at 7.)

Once again, Plaintiff offers no more than her boilerplate argument for striking these defenses. Plaintiff does appear to recognize, though, that in employment

discrimination cases, the employer can be liable to the employee through the doctrine of *respondeat superior*. (Doc. 25 at 14.) It appears that Defendant has raised these defenses partly in response to that doctrine. (Doc. 27 at 10.) Thus, the Court will not strike these defenses.

### G. Tenth Defense

Defendant's Tenth Defense states: "Plaintiff's claims may be barred by the doctrines of estoppel, waiver, unclean hands and/or laches." (Doc. 19 at 6.) Defendant has cited persuasive case law that this defense should remain (Doc. 27 ay 10–11), and Plaintiff has otherwise failed to demonstrate that it should be stricken by offering no more than her boilerplate argument (Doc. 25 at 15–16). *See, e.g.*, *Abajian v. HMSHost Corp.*, No. 0:20-CV-60324, 2020 WL 1929134, at *4 (S.D. Fla. Apr. 21, 2020) (denying motion to strike similarly phrased defense in FCRA case).

### H. Eleventh Defense

Defendant's Eleventh Defense states: "Plaintiff's claims are barred by her release of Defendant." (Doc. 19 at 6.) Plaintiff claims that this defense should be stricken because she was under duress when she signed her Separation Agreement and Release. (Doc. 25 at 16–17.) As this argument goes to the merits of Plaintiff's claim, to be more fully addressed in Defendant's pending motion for judgment on the pleadings, the Court will not strike this defense.

## I. Thirteenth, Fourteenth, Fifteenth, and Seventeenth Defenses

Defendant's Thirteenth Defense states: "Plaintiff's alleged injuries and/or damages, if any, were caused by her own actions, omissions, or conduct." (Doc. 19 at 6.) Defendant's Fourteenth Defense states: "Any unlawful or wrongful acts attributed to any person(s) employed by Defendants were outside the scope of his or her authority and/or employment and such acts, if any, were not authorized, ratified, or condoned by Defendant nor did Defendant know or have reason to be aware of such conduct." (*Id.* at 6.) Defendant's Fifteenth Defense states: "There is no casual [sic] connection between any exercise of protected rights by Plaintiff and any adverse employment action Plaintiff might have suffered." (*Id.*) Defendant's Seventeenth Defense states: "Plaintiff's claims are barred because she cannot establish the alleged protected activity was the "but for" cause of any alleged retaliatory personnel action." (*Id.* at 7.)

Plaintiff does not provide the Court with any specific authority as to why these "causation" defenses should be stricken. Defendant recognizes that these defenses are not, strictly speaking, affirmative defenses, but are asserted to put Plaintiff on notice of defenses it may later assert. (Doc. 27 at 12.) "To the extent that any of the affirmative defenses are merely statements of law or legal conclusions as argued by Plaintiff, they still serve the laudable purpose of placing Plaintiff and the Court on notice of certain issues Defendant intends to assert against Plaintiff's claims." *Dunning v. Tang Thuyen*, No. 8:11-CV-2340-T-33TGW, 2012 WL 882549, at *2 (M.D. Fla. Mar. 15, 2012) (internal quotation marks omitted). Therefore, the Court will not strike these defenses.

## IV.    CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Motion to Strike Defendant's Affirmative Defenses (Doc. 25) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on December 8, 2022.


EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE